Galassi Marble and Slate Co., Inc., et al.
vs. No. 76030.
Stephens Realty Corporation

April 25, 1933.

FROST, J. Heard on defendant's motion for new trial after verdict for plaintiff in the sum of $856.36.

This is an action originally brought by Galassi Marble and Slate Co., Inc., to recover for work and labor performed and materials furnished in the construction of The Stephens Apartments, so-called, located on Elmwood Avenue in the City of Providence. More recently the receiver of the original plaintiff was added as a party plaintiff.

On November 29, 1927, a contract was entered into whereby, speaking generally, the tile work in the bath rooms and in the corridors was to be done by the Galassi Company. No specific date was provided in the terms of this contract either for the beginning or the completion of this tile work.

The Galassi Company was paid in due course for substantially what was due under the original contract but at

the conclusion of the tile work there remained two items for which the Galassi Company claimed it had not been paid. The present suit was brought to recover a balance due of $1,854.51.

At the trial the plaintiffs contended that there was due them the sum of $67.45 for additional or extra work done at the request of defendant because of certain changes in the plumbing of one of the bathrooms. This was denied by the defendant, Mr. Stephens asserting that some of the tile work had been improperly done and the tile had to be reset. This was clearly a question of fact for the jury and the Court cannot say that the jury's finding as to this item was against the weight of the evidence.

The second item was a claim for overtime. This was based upon an alleged oral agreement on Mr. Stephen's part, to hurry the work along in order that the building might be ready for occupancy by March 1, 1928.

There was a very considerable amount of testimony on the question whether the Galassi Company had employed an adequate number of men and whether it had laid the floors in the corridors as early as it might have done so. The jury apparently accepted the plaintiffs' testimony on this issue and the Court cannot say that the jury erred. There was evidence that Mr. Stephens, prior to March 1, 1928, had leased a number of apartments for occupancy on that date and that being so it does not seem improbable, upon all of the testimony in the case, that he agreed to pay overtime.

On the question of the amount of the overtime in dollars and cents the Court instructed the jury substantially as requested by the defendant and the finding of the jury is evidence that this instruction was followed.

There was some question raised in the trial as to whether the defendant was the proper defendant. Testimony given by Mr. Stephens justified the jury in finding that plaintiffs, if entitled to recover, could recover against the defendant named in the case.

This case was very carefully and exhaustively tried by experienced counsel. The verdict is one which a jury might properly reach upon a careful consideration of the evidence introduced and the Court is clearly of opinion that it does substantial justice between the parties. Defendant's motion is therefore denied.

For plaintiff: Edwards & Angell.
For defendant: McGovern & Slattery.